UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA CHANDLER, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>   v.<br><br>ULTA BEAUTY, INC., ULTA SALON, COSMETICS & FRAGRANCE, INC., MARY N. DILLON, and SCOTT M. SETTERSTEN,<br><br>      Defendants. | Case No. 1:18-cv-01577<br><br>CLASS ACTION<br><br>Honorable Martha M. Pacold |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**

Lead Plaintiffs Lawrence Banker, Danny Hurlbut, Marlene Hurlbut, and Cynthia Busse ("Plaintiffs"), hereby oppose Defendants' Request For Judicial Notice In Support Of Their Motion To Dismiss. Dkt. No. 104 (the "Request").

Defendants ask the Court to take judicial notice of a stipulation of dismissal that was voluntarily filed in a separate litigation asserting entirely different claims than those asserted in this Action. *See Smith-Brown v. Ulta Beauty, Inc.*, No. 18-cv-610, Dkt. No. 301 (N.D. Ill.). While the stipulation may be judicially noticeable, its contents cannot be considered for their truth. Moreover, the contents of the stipulation are irrelevant to the claims asserted in this Action because, among other reasons, the claims asserted in *Smith-Brown* arise out of violations of various state law consumer fraud statutes, the Request does not involve any judicial factual or legal findings and does not otherwise constitute a final order or judgment. Yet, Defendants go a step further and also ask the Court to make numerous factual findings based upon a document outside

1

the four corners of the complaint, which is wholly improper for consideration on a motion to dismiss. Specifically, Defendats ask the Court to make premature, inferential leaps, including that Plaintiffs' allegations are "implausible" and that Plaintiffs' claims would rely on the exact same "underlying facts" as the *Smith-Brown* claims.[1] Dkt. No. 104 at 2. This is improper enough on a request for judicial notice. *See Mabry v. City of East Chicago*, 2017 U.S. Dist. LEXIS 158612, *5 (N.D. Ill. Sep. 27, 2017) ("A Court may take judicial notice of a document filed in another court **not for the truth of the matters asserted**, but only to establish the fact of such litigation and related filings.") (Emphasis added). Doubly so on a motion to dismiss. *Twin Master Fund, Ltd. V. Akorn, Inc.*, 2020 U.S. Dist. LEXIS 18727, *11 (N.D. Ill. Feb. 5, 2020) ("In deciding a motion to dismiss for failure to state a claim, the Court must . . . draw all reasonable inferences in the plaintiffs' favor."). Moreover, the stipulation sought to be noticed here is entirely silent as to any legal or factual issue that could even theoretically be relevant.

Wherefore, Plaintiffs submit Defendants' Request should be denied.

| | |
|---|---|
| DATED: January 6, 2021 | Respectfully submitted, |
| | */s/ Shannon L. Hopkins*<br>**LEVI & KORSINSKY, LLP**<br>Shannon L. Hopkins (admitted *pro hac vice*)<br>Gregory M. Potrepka (admitted *pro hac vice*)<br>1111 Summer Street, Suite 403<br>Stamford, CT 06905<br>Phone: (203) 992-4523<br>shopkins@zlk.com<br>gpotrepka@zlk.com<br><br>*Counsel for Plaintiffs and Lead Counsel for the Proposed Class*<br><br>**SALAS WANG LLC**<br>Jeffrey M. Salas<br>73 West. Monroe, Suite 219 |

---

[1] The Request also would have the Court infer that the *Smith-Brown* plaintiffs' individual claims were "unsuccessful," when no disposition on the merits was ever adjudicated.

Chicago, IL 60603
Phone: (312) 803-4963
jsalas@salaswang.com

*Liaison Counsel for Plaintiffs and the Proposed Class*